IN THE COUNTY COURT
OF THE 7th JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
SMALL CLAIMS

case # 2015-_____-CODL

JESUS ELDO TACORONTE )
   Plaintiff )
)
v. )
)
CARRINGTON    MORTGAGE )
SERVICES, LLC )
   Defendant )
)
_____ )

DATE: 5/7/15
HOUR: 1100
1907 - Walrond 14608
DEPUTY SHERIFF:

---

### PLAINTIFF JESUS ELDO TACORONTE
### VERIFIED STATEMENT OF CLAIM

---

Tanner Andrews
Fla. Bar #21426
Tanner Andrews, P.A.
112 W. New York Ave., #203
P.O. Box 1208
DeLand, FLA   32721
pho  +1 386 490 1128
fax  +1 386 734 2116
tanner@sunshine-lawyer.com
   *Counsel for Mr. Tacoronte*

Tacoronte v. Carrington Mortgage  2015-_____-CODL
Initial Statement

Plaintiff, **Jesus E. Tacoronte**, sues Defendant **Carrington Mortgage Services, LLC**, and for the complaint alleges:

## Nature of the Action

1. This is a complaint for money damages. Defendant, despite knowing that Mr. Tacoronte was represented by counsel, went around that counsel in an effort to collect a debt which it knew to be unenforceable, contrary to the forms of Fla. Stat. § 559.72(9), Fla. Stat. § 559.72(18), and 15 U.S.C. § 1692c(a)(2), for which reason Mr. Tacoronte is entitled to statutory damages of $3000.00.

## Parties

2. Plaintiff Jesus E. Tacoronte ("Mr. Tacoronte") is a citizen of Osceola County, Florida.

3. Defendant Carrington Mortgage Services, LLC ("Carrington") is a foreign limited liability company having its primary place of business at 1610 E. Saint Andrew Place, #B-150, Santa Ana, CA 92705, in Orange County, CA, and having a mailing address of P.O. Box 2515, Covina CA 91722. Its registered agent is CT Corporation System, at 1200 S. Pine Island Rd., Plantation, FLA 33324.

## Jurisdiction and Venue

4. This Court has jurisdiction to grant relief pursuant to Fla. Stat. § 34.01(1)(c), in that this is an action for money damages wherein the matter in controversy does not exceed $15,000.00 exclusive of interest, costs, and attorney's fees.

5. Venue is proper in Volusia County, Florida, pursuant to Fla. Stat. § 47.051, in that Carrington is a foreign LLC and the cause of action accrued in Volusia county.

Tacoronte v. Carrington Mortgage  2015-_____-CODL
Initial Statement

## Appendix

6. There is filed in this matter a *Notice of Filing Appendices*. The exhibits therein are incorporated and made a part hereof, and reference is made to them as app. '_'.

## General Facts

7. Carrington is a "debt collector" within the meaning of Fla. Stat. § 559.55(6) and Fla. Stat. § 559.551 & seq. (the Florida Consumer Collection Practices Act, or FCCPA), in that it uses an instrumentality of commerce within this state, to wit, the U.S. mail, in a business the principal business of which is the collection of debts owed to others.

8. Carrington is a "debt collector" within the meaning of Fla. Stat. § 559.55(6) in that it regularly attempts to collect debts allegedly owed to others.

9. Carrington is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), and 15 U.S.C. § 1601-note & seq. (the Fair Debt Collection Practices Act, or FDCPA), in that it uses the mails in a business the primary purpose of which is the collection of debts.

10. On 08-Aug-2014, Carrington sent a debt collection letter to Mr. Tacoronte, claiming to be the servicer. A copy of the letter (front pages) is furnished as app. 'A'.

11. The referenced property was in litigation, Orange #2010-CA-18664, until shortly before Carrington sent the letter. Mr. and Mrs. Tacoronte had counsel in that litigation. The fees in that case, though agreed by the parties, remain unpaid.

12. As servicer, Carrington was already aware of the representation. However, on 20-Aug-2014, counsel for the Tacorontes sent a letter to Carrington, reminding Carrington of the representation. A copy of the letter is furnished as app. 'B'.

Tacoronte v. Carrington Mortgage               2015-_____-CODL
Initial Statement

13. On 04-Nov-2014, despite knowing that Mr. Tacoronte was represented by counsel, Carrington sent another letter demanding payment directly to Mr. Tacoronte. A copy of the letter is furnished as app. 'C'.

## Count 1

14. Mr. Tacoronte realleges paragraphs 1..13.

15. On 04-Nov-2014, Carrington had actual knowledge that Mr. Tacoronte was represented by counsel.

16. The sending of the 04-Nov-2014 letter was a violation of Fla. Stat. § 559.72(18).

17. Fla. Stat. § 559.77(2) provides for statutory damages of $1000.00, together with fees and costs, for a violation of any portion of Fla. Stat. § 559.72.

**Wherefore,** Mr. Tacoronte demands
(a) statutory damages of $1000.00 for the sending of the 04-Nov-2014 letter in violation of the FCCPA;
(b) fees and costs; and
(c) such other relief as may be just.

## Count 2

18. Mr. Tacoronte realleges paragraphs 1..13.

19. The sending of the 04-Nov-2014 letter was a violation of 15 U.S.C. § 1692c(a)(2).

20. 15 U.S.C. § 1692k(a)(2)(A) provides for statutory damages of $1000.00, and 15 U.S.C. § 1692k(a)(3) provides for an award of fees and costs, for FDCPA violations.

**Wherefore,** Mr. Tacoronte demands
(a) statutory damages of $1000.00 for the sending of the 04-Nov-2014 letter in violation of the FDCPA;
(b) fees and costs; and
(c) such other relief as may be just.

Tacoronte v. Carrington Mortgage                                2015-_____-CODL
Initial Statement

### Count 3

21.  Mr. Tacoronte realleges paragraphs 1..13.

22.  On 04-Nov-2014, it had been over 5 years since 01/01/08, the date of alleged default stated in Carrington's letter, for which reason the allegedly missed payment was unenforceable pursuant to Fla. Stat. §95.011(2)(b).

23.  The sending of the 04-Nov-2014 letter was a violation of Fla. Stat. §559.72(9), in that it was a threat enforce an unenforceable obligation.

24.  Fla. Stat. §559.77(2) provides for statutory damages of $1000.00, together with fees and costs, for a violation of any portion of Fla. Stat. §559.72.

Wherefore, Mr. Tacoronte demands
(a) statutory damages of $1000.00 for the sending of the 04-Nov-2014 letter in violation of the FCCPA;
(b) fees and costs; and
(c) such other relief as may be just.

Respectfully submitted,

*[signature]*

Tanner Andrews
Fla. Bar #21426
Counsel for Mr. Tacoronte
Tanner Andrews, P.A.
112 W. New York Ave., #203
P.O. Box 1208
DeLand, FLA   32721
pho +1 386 490 1128
fax +1 386 734 2116
e-mail tanner@sunshine-lawyer.com

Tacoronte v. Carrington Mortgage  2015-_____-CODL
Initial Statement

## Verification

I, Jesus E. Tacoronte, have read the foregoing statement of claim and examined the appendices referenced therein. The facts stated in the statement of claim are true. The appendices are true and fair copies of the recited instruments, with app. 'A' being the fronts only.

_(Jesus E. Tacoronte)_     3/30/15
                            (date signed)

---

State of <u>Florida</u>,
County of ~~Volusia~~ Orange

Before me, the undersigned notary, on 3/30/15, personally appeared Jesus E. Tacoronte, who produced FLA D/L as identification, and who, being duly sworn, stated under penalty of perjury that the facts alleged in the foregoing statement of claim are true and correct.

_(notary sign)_     Peter O. Gonzalez     3/30/15
                    (notary print)        (notary date)



PETER OMMY GONZALEZ
MY COMMISSION # FF 172139
EXPIRES: October 28, 2018
Bonded Thru Budget Notary Services